IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SHERWIN PERKINS,<br><br>　　Plaintiff,<br><br>v.<br><br>GEORGIA DEPARTMENT OF CORRECTIONS, et al.,<br><br>　　Defendants. | PRISONER CIVIL RIGHTS<br>42 U.S.C. § 1983<br><br><br>CIVIL ACTION FILE NO.<br>1:18-CV-2329-TWT-JKL |

## **ORDER AND FINAL REPORT AND RECOMMENDATION**

Plaintiff has submitted the instant civil action without submitting the $350.00 filing fee. Instead, he has filed an Application to Proceed in District Court Without Prepaying Fees or Costs. [Doc. 4.] According to Subsection (g) of 28 U.S.C. § 1915, a prisoner is prohibited from bringing a civil action in federal court *in forma pauperis* "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

A review of this Court's records reveals that Plaintiff has filed three § 1983 actions that were dismissed as frivolous or for failure to state a claim. *See Perkins v. Seeliger, et al.*, Civil Action No. 1:10-CV-2846-TWT (N.D. Ga. Nov. 9, 2010), (dismissed under 28 U.S.C. § 1915A for failure to state a claim); *Perkins v. Kelley*, Civil Action No. 1:09-CV-0768-TWT (N.D. Ga. Apr. 2, 2009) (dismissed under 28 U.S.C. § 1915A as frivolous); and *Perkins v Bank America, et al.*, Civil Action No. 1:06-CV-2239-TWT (N.D. Ga. Oct. 3, 2006) (same). Furthermore, Plaintiff's allegations in his complaint challenging his state criminal proceedings fail to show that he is "under imminent danger of serious physical injury."

According to the Eleventh Circuit, "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed in forma pauperis pursuant to the three strikes provision of § 1915(g). The prisoner . . . must pay the filing fee at the time he initiates the suit." *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002).

Based on the foregoing, Plaintiff's motion to proceed *in forma pauperis* is **DENIED** and the instant action should be **DISMISSED WITHOUT PREJUDICE**.

The Clerk is **DIRECTED** to terminate the referral to the undersigned magistrate judge.

**SO ORDERED AND RECOMMENDED** this 12th day of June, 2018.

_____
JOHN K. LARKINS III
UNITED STATES MAGISTRATE JUDGE